First case today is number 25-1225, Victor Giovanni Lopez Martinez et al. v. Pamela J. Bondi. At this time, would counsel for the petitioners please introduce themselves on the record to begin. Good morning, your honors. May it please the court? Sang Yeop Kim for petitioner. Judge Monte Carlo, may I reserve one minute for rebuttal? You may. Thank you. There are two buckets of claims, religion and political opinion claims, and I will start with the political opinion claims. So there are three different reasons why the agency committed legal errors. The first one is whether the BIA actually understood, correctly understood and construed petitioner's political opinion claim. And the answer is no. So petitioner's claim, the gang opposition claim, was far beyond gang recruitment resistance. He had religious conviction to convert gang members to sever their ties. That was beyond only the fact that he wanted to resist the gang recruitment of his son. Nonetheless, the BIA's reasoning- Does the record show how he went about doing that? Like, did he give speeches at church? What did he do to oppose the gang? Yes, your honor. So he started with preaching in the community. He went to the community. He made speeches. He made actions. He even talked to the gang members to sever their ties, tried to convert them into Christians so that they can leave their gang. So the evidence is there. It is actually very compelling, not only his speech, but also his action to show his political opinion based on his firm conviction. Counsel, was it clear below that he was asserting imputed political opinion? Yes. As well as- do you have a record site you could offer us for that at some point even on rebuttal? Certainly, your honor. But in terms of the exhaustion- I will start with there's no exhaustion, there's no objection. In terms of the argument of the imputed political opinion claim, yes. So the BIA's brief is very clear that it includes imputed opinion claim as well as before D.I.G. In terms of the record, the imputed opinion claim is all about how the persecutor perceived him, him as, and that's coming through his own testimony. And just for the purpose of this judicial review, the BIA assumed that he's credible. Therefore, this court should also assume that his testimony is credible. There's no issue of- in terms of sufficiency of his testimony. And he did testify that the gang did not like him, gang targeted him because of his influence, because of the fact that he preaching the Christian. And that's also corroborated by the country condition evidence that the likelihood of being targeted by gangs increases if someone does the religious practices and that's being targeted. So, yes. And in terms of just understanding, you've cited a lot of case law and I'm sure you've studied all of the cases very carefully. Can you point to a case or two that you think really presents the best test for what qualifies as a political opinion? Because as I read through it, it does seem a little bit vague and I didn't quite see a case that really gave a very concrete test for when something is a political opinion. How would you frame the test? Yes, Judge Rickman. So, I think the Second Circuit Zelaya Moreno is- I don't know whether I can say the best case but it's a really good case summarizing the political opinion claims because the Second Circuit does survey other circuits or Second Circuits to review it. But I don't think the court needs to- I mean, obviously, it would be beneficial for the petitioner. I mean, the problem is, right? So, a gang- I think something you're going to say is, well, the record evidence shows here that the gang is in a quasi-governmental role in this country. It has sort of certain authorities. Now, if a gang is just a group of bad actors without that kind of quasi-government control, then the case is different, right? It depends on- I mean, I think your point is- what the mistake is, is that it's so fact intensive because if you're- tell me, Judge, if I have this right- if you're speaking out against the gang and the gang is one of these quasi-governmental kind of units, then you're opposing the government, so to speak, in this particular context. And if it's just not rising to that level, then it's not. I mean, is that really what it comes down to? That's one aspect of the political opinion claim. But that's important and particularly- but I don't think the court needs to reach that question based on the fact and evidence of this case because the agency committed more fundamental error. So their agency did not define- I'm sorry, did not opine on, for example, whether the gang constitutes as the quasi-government for the purpose of the political- But what I took from the amicus brief of the law judges is that's what needs to happen. Like, there was no analysis of, well, what kind of gang was this? What was their situation? And that's all the context needed to make the judgment and that just didn't happen. Right. So there's no analysis. The vacuum of analysis- because of the vacuum of the analysis, I don't think the court needs to reach that question. That's really fact-intensive based on the records. The question is, should they have done that? They didn't. They should have done that. So therefore, the proper- the course of adjudication is to send the case back. I think, as I read the government's brief, they say the BIA's findings here should just apply to all of the different claims that the petitioner has. Why is that not the case? So if I understand Your Honor's question. So I think government has sort of two points. One is, whether this court has actually ever opined on whether the gang recruitment resistance is foreclosed as a matter of law. And we don't see that the First Circuit, this court, has ever opined on it. Also, we are not aware of any court that actually said the category as a matter of law. All of the cases that government cited were really based on the fact- unique facts and record of each case. And agents made a fact-finding. Therefore, under substantial evidence review, this court affirmed the finding when there is no evidence compelling the contrary conclusion. But that's really not what happened here. There's no analysis at all. So that's one point. And the second point is the government also relies on the BIA case law, the matter of SEG, to suggest that that's foreclosed. But as the Seventh Circuit in Martinez-Brandy case explained, matter of SEG doesn't stand for that proposition. That's the same. It requires IJ to conduct the individualized, case-by-case, fact-intensive inquiry and to determine whether the political- So your view is SEG and Ramos-Gutierrez are the same. It's a lack of evidence of nexus. Yes, but I can explain more about Ramos-Gutierrez. So the matter of SEG, yes, I agree with you, Judge Affran. Now, Ramos-Gutierrez is actually- the reliance on Ramos-Gutierrez is more a problem from a practitioner's perspective. That's actually a third legal error that we think that happened. So what the BIA really did here is relying on the particular social group, and I'll just call it PSG, a completely independent basis of asylum. Relying on that case law to deny political opinion claim, but they are independent of each other. Right, I get that, but Ramos-Gutierrez had a political part too, didn't it? Yes. And it just said you didn't- the substantial evidence supports no nexus, right? Correct. So that's correct. So with respect to that portion of the opinion, it's really based on- it's not different from any other cases that this Court has adjudicated in terms of denying or affirming the denial based on the facts or the way that agency adjudicated based on the facts. But again, that doesn't- absent here. So just to summarize kind of three points, and I'll be happy to answer any other questions. We don't think that the BIA properly understood the petitioner's claim, so that's number one. Number two, with respect to the gang recruitment resistance, that's not foreclosed as a matter of law. And IJ did not even make any fact-finding or legal analysis on that point either. So the Court should reject that point. And then third, the BIA should not rely on the PSG case law as a basis to deny the political opinion claim, because they require different legal analysis based on unique facts of the case. So at a minimum, those three errors, we think that BIA committed. So counsel, is your position then, we don't really need to say more about when a political opinion qualifies, you're saying it would qualify as a statutory ground on a particular set of facts. Your argument is just the BIA was wrong to say categorically it can't, and we just remand for them to take the next steps in analyzing whether on this particular record there was enough and nexus is demonstrated, et cetera, because as you point out, the IJ didn't address political opinion at all, correct? So there are no findings on nexus for the political opinion claim? Correct. Not just nexus, but none. Right, because it only addressed the PSG. Yes, which a petitioner did not even actually raise, other than the family-based PSG. But is that correct? So you're just saying the only ruling you're asking the court to make is that it is not categorically prohibited, and then just remand. Correct. But in order to vacate or reject the agency's position, the categorical denial, the court may need to opine a little bit on the surveying the case law and understanding and interpret a matter by PSG. But other than that, we do not ask more than that. And just as we're looking at all of this, because obviously opposition to gang recruitment, it can be a very large category, and the law is clear that it can't. There needs to be some guardrails on the protective grounds. So how would you, to go back to my question, how would you define, to the best of your ability, when a political opinion claim that involves opposition to gangs is sufficient under the INA? Correct. So it's not so much just like, I just want to move out of the gang, because I don't really see the meaningful difference between gang versus the private entity, or quasi the government entity, or the newly formed quasi government that functions like government. So I don't really see this difference. So the two constitute, at a minimum, the actual political opinion claim. Person has to have firm conviction. Person has to express the view through the speech or act that Judge Affran mentioned against a group that functions or has a similar role of the government in that society, and how and whether that group perceives the person's political opinion as a threat to their, and then whether the person was harmed. So in terms of that framework, it's not that complicated. The complex part of- But if it's just a criminal organization, it's different, right? Correct. I feel like it comes down to whatever we're looking at, is it a regular old criminal organization which you can put a label gang if you want, or is it something bigger, quasi governmental, whatever label we're going to put on that, and then if you're opposing that, then it's as if, well, I'm opposing the government, and that's political. Yes. I mean, no, that's simplified, but is that kind of the pressure point? Yes. Yes. And I really want to emphasize, so the role of the private entity or the gang or the government, that's important. So that's one important factor. But really, the purpose of the political opinion claim really focuses on the person, the asylum seeker. So how the person expresses the view, speech, act against that organization. So just take this case. Let's take the simplest version, son, I don't want you to be in the gang, and the gang gets mad at me and then comes after me. That's not, I mean, that's a very narrow thing I did there. Now, the gang may perceive me as an oppositional person, because I encouraged my son not to  Could that be political, or is that too narrow? That could be, particularly for the imputed political opinion claim. So let's say that the petitioner didn't have such religious conviction belief, and what he merely did was, do not go to my son, do not recruit my son. And then from the gang's perspective, that's perceived as, well, you are threatening our authority and our membership's important. And if the country condition I've been in shows the contextualized, the societal context of that group and that view at the level of the political, it could be, however, it could be a lot more. That you could imagine an IJ writing, well, the conduct here was so narrow, that's not how the perceived gang would have perceived it, and so you lose, and that would have meant substantial evidence. Correct. It could come out that way. Correct. Correct. But here, I also want to emphasize that the evidence, the way that the petitioner acted, made a speech and act, is far beyond just resisting the gang recruitment of his son. I think when it comes to political opinion claim, I said my time's up, hopefully I can finish this. Please finish your thought. It's about whether the person's act goes beyond self-protection, particularly in the context of the actual political opinion claim. So using the petitioner as an example, he didn't have to go against gang. Obviously, no one liked gang, but he had his own conviction, belief that he wanted people to leave gang, he opposed gang, he even converted gang, and that's why he started to receive the threat, shooting others. So therefore, this case goes, I just want to emphasize, it goes far beyond that. One last question. If we agree with you, if we agree with everything you've said in these ten minutes here, what do we have to do with the family circumstances claim here? The family-based. The family, you know, it's because the son or whatever, there's an argument here, right? There's a family social group argument? We are not pursuing that family social group. You are not pursuing that. So it's just religion? And political opinion. Political opinion. Correct, Your Honor. And religion was not addressed at all? Not at all. So your argument is just, you can't affirm that because they didn't say anything about that? Correct. And, if I may, Your Honor, the government's only argument, I think the government agrees that for the religion part, that there's no reasoning. The only, then, the basis would be the evidence is so thin, but, again, he testified, and then we are assuming that he's credible, that he literally testified that they targeted me because of my religion. So I just do not see how that's not enough, how that could be viewed as record, it's like there's no evidence at all. Especially where there can be multiple motives for why the gang acted, right? Correct. Politically not like you, and could also not like your Christian ideas. Correct.  Unless, of course, any questions, I can address other claims during a revolt at a time. Thank you. Thank you, counsel, at this time. And, counsel, for the respondent, please introduce yourself on the record to begin. May it please the court, my name is Jennifer Singer, and I represent the United States Attorney General, the respondent in this matter. Because the lead petitioner has withdrawn his family-based asylum claim, the only claims before this court are his gang opposition political opinion-based asylum claim and his religion-based asylum claim. And it's the respondent's contention that neither claim ultimately has merit. As to the petitioner's political opinion claim, while the board could have used more precise language in rejecting the claim, I think it's evident from the decision that the board meant that opposition to gangs without more is not a political opinion, or an actual political opinion, or an imputed political opinion. And that statement is an accurate reflection of the case law. I cite multiple cases in the brief, and they all stand for the proposition that opposition to gangs is not an expression of political opinion, opposition to recruitment efforts is not an expression of political opinion, refusal to join a gang is not an expression of political opinion, resistance to gangs are not an expression of political opinion. But the government, I guess I don't understand, if the gang has taken on a quasi-government role, which in some of these countries it does, why would there be some kind of bright line rule about that? It seems like it does depend on the nature of the organization, and just using the word gang does not answer what kind of organization it is. Correct. I think in most of these cases it's assumed that the gangs are quasi-governmental, but there's lacking a more. There needs to be more. It needs to be... But if I give speeches, forget the gang, now it's like the government of X country. And I give speeches that the government of X country is bad, people should not follow the government of X country, people should not join the military of government of X country. Would you agree with me that's a political opinion? It depends. Like for example, in this case, I mean it depends. But as a general statement, there needs to be... Opposition without more is not an expression of political opinion. And in your example- The government is bad and unjust. Don't join the military. I mean it definitely depends. Who is this person talking to? Are they on the street? Are they talking in the privacy of their own home? I mean it is a fact-intensive inquiry, but based upon the record here, even petitioner's own testimony concedes that his opposition is not in a political context. It's all motivated by moral and religious grounds. Counsel, I think what I'm struggling with here is it is a bit hard to understand what the BIA did. So even if we agreed with your statement of the law that opposition to gangs without more is not enough, and you've cited a lot of cases for that, I completely understand your argument. I just struggle to understand what the BIA actually held because when we look at the... We have to start with the fact that the IJ didn't address the political opinion claim at all or the religion claim. And so we look at the BIA opinion and it says on the second page that assuming the petitioner testified credibly, we find no clear error in the IJ's alternative finding that he did not show a nexus between any harm and a protected basis. But the only analysis that the IJ did was for the PSG. So the nexus finding could only have been about the PSG, not the political opinion. And then the next paragraph says he raises a political opinion claim. The BIA recognizes that and then just says resisting gang recruitment doesn't constitute an actual or imputed political opinion. So in light of the fact that the IJ didn't look at the political opinion claim at all, how should we treat your argument? Even if you were correct, again, that you need more, but we have no factual findings from the IJ on that. We have no nexus findings. So what do you think the BIA is saying there? What is the government's position about what they're saying there in light of what the IJ held? I have several responses to that proposition. First of all, the board does cite matter of SEG, and I think SEG is quite instructive here, because in that case, the board, upon its review of the record as a whole, rejected a similar political opinion claim finding an absence of evidence of political motive in the expression of opinion, an absence of evidence that the gang would impute a political opinion to the aliens, and an absence of evidence that the aliens would be harmed because of that political opinion. And I think that is instructive here, because that is precisely the same circumstance we have here, where there's no evidence of political motive in opposition to the gangs. There's no evidence at all in the record, which is taken as credible, and his testimony is not contradicted by petitioners. The facts are undisputed and taken as credible. There's no evidence that the gang would impute an anti-gang political opinion to the petitioner here, and there's no evidence that the gang would harm a petitioner because of any anti-gang political opinion. I guess the question I have for you, though, is that's not what the BIA said. In other words, the BIA didn't say, even though the IJ didn't address the political opinion claim, our review of the record shows that there's no evidence of XYZ. We just have this one sentence about gang recruitment is not true. It doesn't sit in the citation to matter of SEG, but even if this court were not persuaded by that the treatment of the board's treatment of the political opinion claim was sufficient, it's the government's position that remands would be futile because the nexus finding is dispositive of the issue here, while the IJ did not- But what nexus finding? Because there was no nexus finding on political opinion. So, not specifically with religion or the political opinion, but the IJ did go into some detail to say that there are no protected grounds in terms of the reasons for the motivation of the gang members in targeting or harming the petitioner. All the motivations were non-protected. They were, because the gang was angry at the petitioner for interfering in its recruitment efforts, thwarting his son's potential recruitment, persuading other gang members to leave the gang. They were angry with its ability to retain gang members, and they did not like being told that what they did was wrong. I understand very much your argument about the record and why the government sees it that way, but given that when you look at the IJ's decision, it is very clear, the heading is very clear, the IJ was just analyzing the PSG claim, nothing, no mention of the political opinion or religion claim, wouldn't we be filling in the analysis, which is exactly what we're not permitted to do? I don't think so, because the court can look at the record as a whole, the testimony is taken as credible, and it's, the facts are uncontested. And based upon those undisputed facts, you can find no nexus between the claim of a religious person. You're not a district court, you're not anything, but the district court, that's what we might do, but this is an administrative agency. So Judge Rickleman is exactly right. The first sentence of the IJ is even assuming the guy is credible, he has not met his burden to show that he has been the victim of past persecution on account of his membership in a cognizable particular social group, and then it goes on and it reaches a conclusion. Maybe that's right, maybe that's wrong, but then we're asked something totally different. They say, we're not even pursuing that. So tell us, it's the political opinion claim, which the board then recognizes, comes up with a matter-of-law answer to that, and now you're saying, well, maybe that's not right, but in any event, you can go back to the nexus and fill it in yourself. And that is not, the board needs, the IJ needs to do that, because you could come out either way on that. These cases, which was the discussion I was having with your friend, a case could be, could get to get resolved, but it could be resolved either way, and substantial evidence would support either conclusion, and we're just kind of here to do that. So that's the problem. I think that problem, though, can be overcome, because in a harmless error analysis or a futility analysis, the court can look at the record as a whole. And again, the testimony is uncontested, the facts are uncontested, and the testimony is taken as credible. And his own testimony indicates... And he's out giving speeches and talks, right? I mean, he is out talking to people, just suggesting they don't join gangs, right? Correct. And could reasonable people, and if you think the gang, if you accept the gang as quasi-governmental, accept that, and he's out giving speeches and talks, I imagine one IJ might find one way and might find the other, and the Court of Appeals would say, in both cases, substantial evidence. I mean, that could be true, and if the court's not persuaded by the futility argument or the harmless error argument, then remand would be the appropriate course. But I do still think that on the record as a whole, which the court may look at, and the uncontested facts, that the court can find that there's no nexus between the harm petitioner experienced and his political opinion or his religion. I mean, his own testimony, which again, is not contested. He says that the gang views him as someone who can take people away from the gangs, that they don't like him because he persuades people to leave the gangs, that the gang didn't like him because they didn't like the messages that came out of his mouth about their actions being contrary to God's will. That is all indicative of... And if I gave the same speech about the government and said, this is a corrupt government because it does not further God's will, what would you say? You would say that that can't be a political claim? I don't want to speculate, but on this record, all of his motivations for being opposed to the gang were all based on religious and moral grounds. There's no expression of... There's no political context to his claims. Can I ask you to address the religion claim as well? Because the BIA didn't address that at all. You agree, right? We essentially concede that the board and the IJ did not address that claim. So what is the government's position on what we should do in that aspect of the case? Again, it's the government's position that remand would be futile because of the lack of nexus, and if the court is not persuaded by the futility argument, that it would have to remand for the agency to consider the issue in the first instance. So you would prefer us to look at the record before the IJ, make fact finding, and come to a conclusion on the political opinion? I don't think the court would need to make findings of... Not make fact finding, but look at that, infer from that political opinion. I don't think there needs to be any inferences because the testimony itself clearly establishes that there's no nexus. It would have to be so clear. I mean, if there is this principle at all, it would have to be so clear that no reasonable fact finder under any circumstances could conclude any way than what you're saying, assuming that we could even do that. That's what the record would have to be. I think the court can reach that conclusion in a harmless error analysis or a futility analysis. But again, if the court is not persuaded by that, remand is the appropriate course. So the court and the IJ and the board can revisit or consider these findings in the first instance. Counsel, can I ask you, is your argument on futility any different, or could you give us the benefit of the government's view on the imputed political opinion claim versus just the political opinion claim? In other words, you're citing to the testimony by the petitioner about what he was doing, but then there's the question of whether the gang itself viewed him as having that political opinion by opposing them in a variety of ways, preaching, trying to convince people not to join the gang, et cetera. So do you have any, is your argument any different for the imputed political opinion claim? I don't recall him actually raising an imputed political opinion argument. It was based upon his affirmative activities. So that would be an actual political opinion claim. For the IJ or the BIA or both? I'm sorry, can you repeat that? Do you mean that he didn't raise it before the IJ or the BIA or both? I believe both. He did not pursue an imputed political opinion claim. It was based on an actual affirmative expression of political opinion. So you think it's not exhausted? I would have to go back and double check the record, but if on remand, I mean, that's something that the IJ could look at whether the gang members did impute any anti-gang political opinion to him. That's one avenue. If there's no further questions, the respondent will rest on its brief. Thank you. Thank you. Thank you. Thank you, counsel. At this time, would counsel for the petitioner please reintroduce himself on the record. He has one minute. May it please the court, Seng-Yup Kim for petitioner. I would just start with the exhaustion. The government did not raise any exhaustion objection in their responsive brief. So under Stantos' record, that's not jurisdiction. Therefore government waived any exhaustion argument. Now, even to the extent that that's relevant, I'm looking at the IJ's brief, for example. Page 18, record 333. I'm going to read it. Due to his actual and imputed political opinion claim demonstrated through his opposition and resistance to gang. So that argument has been raised throughout IJ, BIA, and all before this court. So there's no exhaustion issue. Now, in terms of evidence, so he does testify that gang did not like me because I'm a significant influence, because I preach people. Now, that looks like that's religion. But it's rare for the, when it comes to political opinion, if I may finish this, to see that gang looked at me because of my political view. That's why it's important to apply the contextualized very effect intensive. Because people do oppose governments and they frame it in terms of religion, but they're opposing the government as they speak of what their religious ideas require. Yes. And what is that? Is that both? Is that more political? Is that? So that's something that agency is required to do to really effect intensive. Because that request, so it's based on the religion. It's coming from his religion to preach. So that can be basis for both the religion-based claim and political opinion claim. But when it comes to the political opinion claim, what the agency should have done was- Right, I mean, Martin Luther King spoke in terms of religion often as to reasons he was opposing governments. It's both, or it's one or, I mean, it's some amalgamation of them, isn't it? Yes. So I just want to go back to the point that I just made, that it's really focusing on the person's conviction, whether that's based on the religion, whether that's based on secular, the reasoning, whether that's based on other reasons such as feminism. It's really about the person's conviction and how the prosecutors perceive the conviction and who was against the belief and expression of the speech and act against. Again, none of that analysis occurred in this case. So the proper course of adjudication is to remand. Thank you. I'd be happy to answer any other questions. Otherwise, we ask the court to grant the petition. Thank you. Thank you, counsel. That concludes argument in this case.